IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30477
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANK C. FEEBACK,

Defendant-Appellant.

_____

No. 00-30478
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AUTOLAND, INC.,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-30039-4
---------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Autoland, Inc., a used-car business, and its owner, Frank C.

Feeback, entered conditional guilty pleas to a charge of mail

fraud.  The defendants reserved the right to appeal the order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying the motion to dismiss the indictment.  We review de novo whether the indictment alleged the essential elements of the crime charged, fairly informed the defendants of the charges, and eliminated the risk of future prosecutions for the same offense. United States v. Alford, 999 F.2d 818, 823 (5th Cir. 1993).

The indictment alleged that Feeback and Autoland forged signatures on titles and affidavits for the purpose of misrepresenting the repossessions and voluntary returns as rescinded sales in order to secure sales-tax refunds.  The defendants argue that Louisiana law provides for sales-tax refunds for voluntary surrender or repossession in addition to recission of sale.  Even if Louisiana law allowed for the refund of sales tax for repossessed or voluntarily returned vehicles, seeking the refund by misrepresenting the transactions as rescinded sales is an effort to obtain money by means of false representations which is prohibited by 18 U.S.C. § 1341.  This indictment is sufficient.  See United States v. Duncan, 919 F.2d 981, 990 (5th Cir. 1990); Neder v. United States, 527 U.S. 1, 25 (1999).

Feeback challenges his sentence arguing that the district court was clearly erroneous in finding that he was an organizer or leader of the criminal enterprise involving five or more people under  U.S.S.G. § 3B1.1(a).  This finding is supported by the information contained in the Presentence report (PSR). Feeback has not shown this information to be inaccurate or unreliable.  See United States v. Lage, 183 F.3d 374, 383-84 (5th Cir. 1999), cert. denied, 120 S. Ct. 1180 (2000).

AFFIRMED.